Mr. Frederick N. Scott Little Red Hen Committee Post Office Box 13584 Maumelle, Arkansas 72113
Dear Mr. Scott:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2007), of the popular name and ballot title for a proposed constitutional amendment. You have previously submitted similar measures, which this office rejected due to ambiguities in the text of your proposed amendments. See Ops. Att'y Gen. Nos. 2010-007, 2008-035, 2008-018, 2007-327, 2007-287 and 2006-118. You have made changes in the text of your proposal since your last submission and have now submitted the following proposed popular name and ballot title for my certification:
 Popular Name LOCAL TERM LIMITS AMENDMENT Ballot Title AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS RESTRICTING THE RIGHT OF ANY PERSON TO SEEK ELECTION TO AN ELECTIVE OFFICE BEYOND THE LIMITS ESTABLISHED BY THIS AMENDMENT. THOSE LIMITS ARE: TWO TERMS FOR OFFICES THAT HAVE TERM LENGTHS OF THREE OR MORE YEARS; THREE TERMS FOR OFFICES THAT HAVE TERM LENGTHS OF TWO OR FEWER YEARS; ONE TERM FOR OFFICES THAT HAVE A TERM *Page 2 
LENGTH OF EIGHT OR MORE YEARS. OFFICES SPECIFICALLY LIMITED BY AMENDMENT 73 [THE ARKANSAS TERM LIMITATION AMENDMENT] ARE EXCLUDED FROM THE EFFECTS OF THIS AMENDMENT. JUDICIAL OFFICES, AS DEFINED IN AMENDMENT 80, ARE ALSO EXCLUDED FROM THE EFFECTS OF THIS AMENDMENT. IN GENERAL TERMS, THIS AMENDMENT ESTABLISHES TERM LIMITS FOR ALL ELECTIVE OFFICES, EXCEPT OFFICES OF THE JUDICIARY AND THOSE OFFICES TERM-LIMITED BY AMENDMENT 73.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popular nameand ballot title reflects my view of the merits of the proposal.This Office has been given no authority to consider the merits ofany measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434,29 S.W.3d, 669 (2000); Donovan v. Priest, 326 Ark. 353,931 S.W.2d 119 (1996); and Plugge v. McCuen, 310 Ark. 654,841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure thatthe popular name and ballot title honestly, intelligibly, and fairlyset forth the purpose of *Page 3 the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v.Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223,226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed."Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990);Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald,192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring.Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law.Christian Civic Action Committee v. McCuen, 318 Ark. 241,884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must *Page 4 
reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. A number of additions or changes to your popular name and ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 1. Section 1 of the proposal states that a person may not seek election to an office described therein if the person "is currently serving in that office." The provision would prevent a person appointed to fill even a very short-term vacancy at the end of a term of such an office from seeking election to a succeeding full term. The provisions of Section 4, and the ballot title description of Section 1, suggest that such a result may not have been intended. I conclude that Section 1 is internally ambiguous.
 2. Each of sections 2 and 3 of the proposal states that a person may not seek election to the office described therein if the person is then serving his second or third term, respectively. Section 4 states that "time served for more than half a term shall be counted as a full term" and apparently describes the time that should be considered in determining whether more than half a term has been served.
 Consider a person who serves a single complete term in an office described in section 2, and does not seek reelection. Later, the person is appointed to fill a short-term vacancy at the end of her successor's term of office. section 2 can be interpreted to prevent the person from running for election to a second full term, as she might be deemed to be "currently serving [her] second term." It is true that section 4 suggests that the appointed partial term, being less than half of a regular term, would not be counted as the person's second term, but it does not unequivocally so provide, or expressly contradict the ordinary meaning *Page 5 
of the phrase "second term" in section 2. The ambiguity described herein is at least partially due to the fact that section 4 addresses the concept of a "full term," yet section 2 does not use that phrase, creating uncertainty whether the phrase "second term" in section 2 actually means second "full term," as the latter phrase is used in section 4.
 Section 3 suffers from a similar ambiguity with respect to the phrase "third term."
In addition to the ambiguities discussed above, I note the following matters you may wish to consider in connection with the ballot title for any proposal modified in response to this letter:
 1. The proposal would establish limits of two terms for offices of "term length of from three to less than eight years" and one term for offices of "term length of eight or more years. . . ." The ballot title states that the proposal would establish a limit of two terms for offices with "term lengths of three or more years. . . ." [Emphasis added.] Even though the ballot title elsewhere accurately describes the one-term limit for offices having terms of eight years or more, the language of the ballot title emphasized above could confuse a voter as to the true limit with respect to such offices, as an office having a term length of eight or more years is also in fact an office with a term length of "three or more years."
 2. Section 5 of the proposal provides that the amendment "shall have no effect on those offices provided for under . . . Amendment 80." Amendment 80 provides for the following elective offices: Justices of the Supreme Court; Judges of the Court of Appeals; Judges of the Circuit Courts; Judges of the District Courts; and Prosecuting Attorneys. The ballot title provides: "Judicial Offices, as defined in Amendment 80, are also excluded from the effects of this Amendment." This portion of the ballot title may be deficient in two ways. First, the quoted language carries a clear suggestion that Amendment 80 contains a definition of the term "Judicial Offices" and therefore that an interested voter might consult Amendment 80 to *Page 6 
determine the scope of the phrase "Judicial Offices" as used in the proposal. Amendment 80, in fact, contains no such definition. Second, while the proposal itself clearly exempts Prosecuting Attorneys as well as Justices and Judges from the term limits of the proposal, a voter considering the ballot title might not regard a Prosecuting Attorney as holding a "Judicial Office," and might therefore conclude that the proposal would limit the terms of Prosecuting Attorneys. Compare, e.g., Ark. R. Crim. Proc. 1.6(b) (defining "prosecuting attorney") with Ark. R. Crim. Proc. 1.6(c) (definition of "judicial officer" does not include prosecutor); see also
A.C.A. § 16-10-118 (Supp. 2009) (statutory provision similar to Ark. Const. amend. 80, § 15; definition of "judicial office" does not include prosecutor).
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law.See, e.g., Finn v. McCuen, 303 Ark. 418,793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v.Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities. *Page 7 
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure, popular name and ballot title. See A.C.A. § 7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted popular name and ballot title may be necessary. I will perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL Attorney General

 *Page 1